A90A0536. THE STATE v. HARDEN.
(393 SE2d 465)

DEEN, Presiding Judge.

The appellee, Willie Harden, was charged with possession of cocaine. The trial court granted his motion to suppress, and the State appeals.

At approximately 9:00 p.m. on April 8, 1988, the arresting officer was on routine patrol, checking out an area where people were known to gather and urinate on the public road. The particular area was an unlighted, undeveloped intersection of two roads. The officer slowly approached the area in his patrol car with his lights off, and spotted a pickup truck stopped beside the road. When he suddenly turned on his lights, the three occupants of the truck all shifted towards the passenger side. The officer considered this suspicious and asked the appellant, who was behind the steering wheel, what they were doing on this deserted part of the street. When the appellant responded that they were "cooling it" after a hard day at work by drinking beer, the officer asked him if he would mind stepping out of the truck and allowing the officer to look in the truck, and the appellant agreed to the intrusion.

The officer first patted down the three occupants and then opened the passenger door. All three men were glassy-eyed and nervous, but there was no odor of alcohol about them or the truck. An empty beer can fell out onto the ground. The can had been converted into a homemade pipe by pressing in one side and punching pin holes. There was no beer in the truck, or any other empty cans. The beer can pipe had some ash residue, and the officer called in other officers as backup and to conduct a field test for cocaine.

While they waited for the other officers to arrive, the officer had the appellant and his two cohorts stand at the rear of the truck. As recounted by the arresting officer, one of the appellant's companions kept saying that "he had to urinate. He had to urinate. And he was walking around with his personal private material out attempting to urinate. Attempting to get further and further from me. I told him to collect his valuables and to step back over towards me." This particular cohort attempted to escape when another police officer arrived.

A GBI agent subsequently arrived and conducted the field test on the ash residue, which tested positive for cocaine. The three men were arrested, and further search of the truck cab revealed 2 pieces of suspected crack cocaine. *Held*:

A reasonable suspicion of criminal activity justifies a temporary seizure for questioning limited to the purpose of the stop, and the investigating officer should employ the least intrusive means available to verify or dispel the suspicion. *State v. Hodges*, 184 Ga. App. 21 (360 SE2d 903) (1987). In the instant case, the arresting officer explained that he came upon the appellant and his cohorts parked in a pickup truck in the area where people were known to urinate on the public road. There was no business or residential development at that area, and the officer's decision to ask the three occupants of the truck what they were doing there was not unreasonable. The appellant's explanation that they were drinking beer warranted the officer's contin-

ued investigation, considering his original concern about urination on the public road. (The officer's decision to investigate may have been further vindicated by the antic of one of the men, "walking around with his personal private material out attempting to urinate.") The officer's permissive look into the truck cab was a minimal intrusion. The fact that that intrusion led to the discovery of crack cocaine in the truck cab was unfortunate for the appellant, but did not constitute an unlawful seizure. The trial court was mistaken in granting the appellant's motion to suppress.

*Judgment reversed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 2, 1990.

*Ralph M. Walke, District Attorney, Tyson Blue, Assistant District Attorney*, for appellant.
*Larsen & Flanders, H. Gibbs Flanders, Jr.*, for appellee.